NO. 07-09-0319-CR
 IN THE COURT OF APPEALS
 FOR THE SEVENTH DISTRICT OF TEXAS
 AT AMARILLO
 PANEL C
 NOVEMBER 9, 2010
 ______________________________
 
 DAVID TULIO RODRIGUEZ, APPELLANT
 
 V.
 
 THE STATE OF TEXAS, APPELLEE
 _____________________________
 FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;
 NO. 10,257; HONORABLE WILLIAM D. SMITH, JUDGE
 ___________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 CONCURRING OPINION
 

I agree with the result reached by the majority, and I applaud the decision to address Appellant's third issue as presented; however, I write separately to express my opinion that Appellant's general premise about that issue is misstated.

By his third issue Appellant contends the trial court abused its discretion when it failed to "follow the strictures of Article 36.01 (a)(1), Texas Code of Criminal Procedure, by not reading the State's enhancement paragraphs to the jury and subsequently entering the Appellant's plea to the same." While I agree that the trial court committed error during the punishment phase of Appellant's trial, it wasn't because the enhancement paragraphs weren't read and a plea wasn't entered. 
On January 29, 2009, a Hutchinson County Grand Jury returned an indictment charging Appellant with the first degree felony offense of aggravated assault on a public servant (Count One) and the state jail felony offense of burglary of a building (Count Two). While the indictment itself did not contain any enhancement allegations, on August 17, 2009, the State filed notice of its intent to seek enhancement of the punishment range for each count. Notwithstanding the express intent to request the court to instruct the jury on the enhanced range of punishment, the State never insisted that the enhancements be read or that Appellant enter a plea thereto. By failing to do so, the State waived those enhancements. Because those enhancements were waived, the trial court did not commit error by failing to read the enhancements or have the Appellant enter a plea. While the trial court may have erred in instructing the jury as to the range of punishment, an issue not presented to this Court, it did not err in the manner presented by Appellant's third issue. Accordingly, I concur with the majority in finding no reversible error raised.

Patrick A. Pirtle
 Justice

Do not publish.